**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KRA-ZE, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00552-SEP |
| | ) | |
| LUXCO, INC., et al., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS LUXCO, INC. AND MGPI PROCESSING, INC.'S**
**MOTION TO DISMISS PLAINTIFFS' PETITION**
**FOR DAMAGES AND EQUITABLE RELIEF**

Defendants Luxco, Inc. (**Luxco**), MGPI Processing, Inc. (**MGPI**)[1], and Donn Lux (**D. Lux**) (collectively, **Defendants**) move to dismiss the Petition for Damages and Equitable Relief (**Petition**) filed by Plaintiffs Kra-ze, LLC, Carl Brown, and Kevin Clang (**Petition**) under Federal Rule of Civil Procedure 12(b)(6).  In support of this motion, Defendants state the following:

1.      The Court should dismiss the Petition because Plaintiffs do not plausibly connect the failure of their bourbon brand with any actionable conduct by Defendants.

2.      First, the Court should dismiss the Petition in its entirety because Plaintiffs impermissibly rely on group pleading.  The Petition fails to specify which counts are brought by which Plaintiff and fails to distinguish between Defendants.  And in most instances, Plaintiffs vaguely refer to Defendants as a collective group without alleging discrete acts or omissions attributable to a particular Defendant.

---

[1] Plaintiffs incorrectly named MGPI as "MGPI Processing, Inc., f/k/a MGP Ingredients, Inc."  MGP Ingredients, Inc. is the name of a currently existing corporation that is a separate and distinct corporate entity from MGPI.  MGPI Processing, Inc. ("MGPI") is a subsidiary of MGP Ingredients, Inc.

3. Second, the Court should dismiss all claims against MGPI and D. Lux because (a) Plaintiffs fail to allege facts necessary to state an alter ego claim against MGPI, and (b) D. Lux is not a named party to the contracts at issue in the Petition and Plaintiffs fail to plausibly connect him with any of the alleged conduct forming the basis for Plaintiffs' claims.

4. Third, Plaintiffs' breach of contract claims (Count I) as to Paragraphs 87(a), (b), (c), (e), (f), and (j); fraud claims (Count II) as to Paragraphs 93–103; negligent misrepresentation claim (Count III) as to Paragraph 110(a), (b), and (d); prima facie tort claim (Count IV); unjust enrichment claim (Count V); MMPA claim (Count VII); and request for declaratory relief (Count IX) are barred by Missouri's five-year statute of limitations in RSMo. § 516.120(1)-(2) and (5). Each of these claims accrued and was reasonably discoverable by Plaintiffs before May 1, 2020.

5. Fourth, the Court should dismiss Paragraphs 87(a), (b), (c), (e), (f), (g), (h), (i), and (j) of Plaintiffs' breach of contract claim (Count I) because Plaintiffs fail to identify contractual provisions that were actually breached; mischaracterize contract terms as imposing obligations they do not create (such as non-delegation requirements, price caps, delivery deadlines, or termination procedures); assert implied covenant claims without identifying any express term exercised in bad faith; or plead factual allegations that contradict their own claims or the plain and unambiguous terms of the relevant contracts.

6. Fifth, the Court should dismiss Plaintiffs' fraud (Count II), negligent misrepresentation (Count III), and prima facie tort (Count IV) claims. Plaintiffs fraud and negligent misrepresentation claims are not plead with the particularity required by Federal Rule of Civil Procedure 9(b). Their fraud, negligent misrepresentation, and prima facie tort claims are also independently barred by the economic loss doctrine because they are based on the same alleged conduct underlying their breach of contract claims and seek solely economic damages. Finally,

Plaintiffs' fraudulent inducement claim also fails because it relies on an alleged misrepresentation on which they could not have reasonably relied.

7.    Sixth, the Court should dismiss Plaintiffs' unjust enrichment claim (Count V) because its subject matter is expressly covered by an express contract between the parties.

8.    Seventh, the Court should dismiss Plaintiffs' conversion claim (Count VI) because Defendants had a right to repossess the trademark and domains at issue without a court order, and Plaintiffs do not allege a breach of the peace.

9.    Eighth, the Court should dismiss Plaintiffs' Missouri Merchandising Practices Act (Count VII) claim because commercial transactions like those at issue in the Petition do not fall within the ambit of the MMPA.

10.    Ninth, the Court should dismiss Plaintiffs' tortious interference claim (Count VIII) because  Plaintiffs fail to allege facts plausibly establishing that Defendants *intentionally* interfered with Plaintiffs' distributor or retail account relationships or that Defendants employed "improper means" in allegedly doing so.

11.    Tenth, the Court should dismiss Plaintiffs' claim for declaratory relief (Count IX) because this claim improperly asks the Court to declare rights where there is no basis for contract or tort claims under Missouri law.  Plaintiffs' fraudulent inducement theory is duplicative of their stand-alone fraud claim, their lack-of-consideration theory fails because Plaintiffs' own allegations establish that they received a benefit, and their unclean hands and equitable estoppel theories are equitable defenses, not independent bases for affirmative relief.    Finally, Plaintiffs' "interdependency" argument is not a recognized basis under Missouri law for rendering a contract void, voidable, or unenforceable.

12.    Defendants arguments for dismissal are more fully set out in their Memorandum in Support of Motion to Dismiss Plaintiffs' Petition for Damages and Equitable Relief filed contemporaneously herewith.

WHEREFORE, Defendants Luxco, Inc., MGPI Processing, Inc., and Donn Lux respectfully request that the Court enter an order dismissing the Petition with prejudice, and for such other and further relief the Court deems just and proper.

Respectfully submitted,

By:  */s/ Carl J. Pesce*
    Carl J. Pesce, #39727
    David M. Mangian, #61728
    Nicholas C. Blum, #77702
    THOMPSON COBURN LLP
    One US Bank Plaza
    St. Louis, Missouri  63101
    (314) 552-6000
    (314) 552-7000 (fax)
    cpesce@thompsoncoburn.com
    dmangian@thompsoncoburn.com
    nblum@thompsoncoburn.com

*Attorneys for Defendants*
*Luxco, Inc., MGPI Processing, Inc.,*
*and Donn Lux*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

*/s/ Carl J. Pesce*

201707177

- 4 -